UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISON

**BETHANY DAVIS,**

    **Plaintiff,**                                         **CASE NO.:**

vs.

**HUNTER WARFIELD, INC.,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, BETHANY DAVIS, by and through undersigned counsel, hereby sues the Defendant, HUNTER WARFIELD, INC., and in support thereof respectfully, alleges the following:

1. Plaintiff alleges violations of the Federal Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the Plaintiff's claims pursuant to 15 U.S.C. § 1692k.

3. Further, subject matter jurisdiction, federal question jurisdiction, and venue for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

4. The state claims under the FCCPA are conferred supplemental jurisdiction pursuant to 28 U.S. Code § 1367(a), as they arose from the same actions by Defendant in this case and are related to Plaintiff's FDCPA claims.

5. Venue is proper in this District because the Plaintiff resides in this District (Duval County), the phone calls were received in this District and the Defendant transacts business in Duval County, Florida.

## FACTUAL ALLEGATIONS

6. Plaintiff BETHANY DAVIS is a natural person, and citizen of the State of Florida, residing in Duval County, Florida, and resides in this District.

7. Plaintiff BETHANY DAVIS is a "consumer" as defined in Fla. Stat. § 559.55(2).

8. Plaintiff BETHANY DAVIS is an "alleged debtor."

9. Defendant, HUNTER WARFIELD, INC., is a corporation created under the laws of Florida operating from 4620 Woodland Corporate Blvd. Tampa, FL 33614, is a "creditor." Defendant styles itself as a company providing "revenue recovery services." *See* Hunter Warfield, Inc., *Revenue Recovery,* ABOUT HUNTER WARFIELD, http://ww2.hunterwarfield.com/about.aspx (last visited October 19, 2018).

10. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Duval County, Florida, by the Defendant's improper attempts to collect on a debt in Duval County, Florida.

11. Defendant, at all material times, was attempting to collect debt that originated in 2014 with American Homes 4 Rent that had been transferred to Defendant for collections.

12. Since before 2018, Defendant began making continuous phone calls to Plaintiff's workplace and to Plaintiff's mother, Vivian Douglas.

13. Though the Defendant called nearly every day for several months, Plaintiff never granted Defendant permission to call her workplace or her relatives.

14. On multiple occasions Plaintiff told Defendant to stop calling her at work, but Defendant

ignored her requests and continued to call her at work.

15. On one occasion, Defendant's agents stated to Plaintiff that they would be "sending someone" to her to collect the debt at work.

16. Plaintiff's mother, Vivian Douglas, was never on the loan and Defendant did not have permission to call her.

17. Defendant's illegal and abusive collection communications and activities as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationships, as well as with other family members.

18. Plaintiff has suffered actual damages because of these illegal collection communications and activities by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
### (Violation of the FCCPA)

19. Plaintiff re-alleges and fully incorporates paragraphs one (1) through eighteen (18) above as if fully stated herein.

20. At all times relevant to this action, Defendant is subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

21. By calling Plaintiff's work daily and Plaintiff's mother, who was not on the debt, Defendant violated Fla. Stat. § 559.72:

   a. "Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or

3

willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. §559.72(7).

22. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. § 559.77.

23. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages (up to $1000.00), and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77.

24. Additionally, § 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

**WHEREFORE**, Plaintiff, BETHANY DAVIS, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, HUNTER WARFIELD, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT II
### (Violation of the FDCPA)

25. Plaintiff BETHANY DAVIS incorporates by reference paragraphs one (1) through eighteen (18) of this Complaint as though fully stated herein.

26. The Defendant is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. As mentioned above, Defendant also considers itself a debt collector in its business practices.

27. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to 15 U.S.C. § 1692d (Any conduct the natural consequence of which is to harass, oppress, or abuse any person); 15 U.S.C. § 1692c(a)(1) ("Communication with the consumer generally. . at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer"); 15 U.S.C. § 1692c(a)(3) ("Communication with the consumer. . . at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication"); and 15 U.S.C. §1692c(b) ("[Communication with third parties] without the prior consent of the consumer given directly to the debt collector").

28. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff BETHANY DAVIS respectfully demands judgment against Defendant, HUNTER WARFIELD, INC., for statutory damages, actual damages, treble damages, punitive damages, costs, fees, interest, and any other such relief the court may deem just and proper.

### TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Dated this 9th of November, 2018.

**MAX HUNTER STORY, P.A.**

/s/ Max Story_____
Max Story, Esquire

Florida Bar No. 0527238
Austin J. Griffin, Esq.
Florida Bar No. 0117740
328 2ND Avenue North
Jacksonville Beach, Florida  32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff